# In the United States Bankruptcy Court
## for the
## Southern District of Georgia
### Savannah Division

| | | |
|---|---|---|
| In the matter of: | ) | |
| | ) | Adversary Proceeding |
| KURT GRAHAM | ) | |
| (Chapter 12 Case Number 07-40427) | ) | Number 07-4124 |
| | ) | |
| *Debtor* | ) | |
| | ) | |
| KURT GRAHAM | ) | |
| *Plaintiff* | ) | |
| v. | ) | |
| CAREY GRAHAM | ) | |
| *Defendant* | ) | |

FILED at 4 O'clock & 44 min P M
Date 7/23/07

Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia

## MEMORANDUM AND ORDER

Kurt Graham, Debtor, having filed a Complaint for Injunctive Relief and to Recover Money and Property in the above stated adversary case, and after consideration of the evidence presented and the arguments of counsel for Debtor and Defendant at a hearing held in this matter on July 20, 2007, the Court hereby enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

Debtor filed a voluntary petition for relief under Chapter 12 of the

Bankruptcy Code on March 22, 2007.

Defendant is subject to the jurisdiction and venue of this court.

Defendant had actual knowledge of the bankruptcy filing of the Debtor.

Defendant (Debtor's uncle) owns a one-third undivided interest in Farm No. 791 in Effingham County, Georgia. The other two-thirds undivided interest is owned by Ralph Graham, Debtor's father, and Judy Graham Weddle, Debtor's aunt.

In 2004, Debtor entered into a lease agreement (hereinafter "Lease Agreement") with Ralph Graham, Judy Graham Weddle, and Carey Graham for Farm No. 791 in Effingham County, Georgia, which includes approximately 550 acres of land. *See* Exhibit P-1, pg. 4. The Lease Agreement, under its terms, is ongoing until canceled by mutual agreement of all parties signing the agreement.

In February 2007, Defendant was paid $9,348.00 as consideration for the Lease Agreement for the 2007 calendar year by Check No. 1281. Defendant negotiated the check and it cleared the bank. Debtor was delivered possession of the property prior to the bankruptcy filing and has attempted to continue his farming operations. Debtor had prepared for planting 55 acres of peanuts on land being leased to Debtor under the Lease Agreement. On or around May 16, 2007, Defendant harrowed up the 55 acres of land

previously prepared for planting by the Debtor.

On May 16, 2007, Debtor's attorney notified the Defendant that he was in violation of U.S.C. § 362 by letter which was hand delivered to the Defendant by the Debtor. *See* Exhibit P-5.

Defendant has continued to interfere with Debtor's farming operations by preventing Debtor from mowing his sod, by preventing Debtor's agent from harvesting wheat and rye, and by preventing Debtor from removing corn from a storage bin.

## CONCLUSIONS OF LAW

The Lease Agreement entered into between Debtor and the Defendant in 2004, and the payment and acceptance of the rent for farm year 2007, conferred a property interest in Farm No. 791 in Effingham County, Georgia, to Debtor.

The 2004 Lease has not been modified or terminated by any party.

Defendant interfered with Debtor's farming operation after Defendant knew that Debtor had filed a bankruptcy proceeding on March 22, 2007, and those actions pose a threat of irreparable harm to Debtor, and constitute a violation of the automatic stay provided by 11 U.S.C. § 362.

As applied to the facts in this case, I conclude that the Debtor has made the requisite showing to obtain relief on a preliminary basis. Based on all the evidence before me, there is substantial likelihood that Debtor will prevail on the merits at the final hearing. For this reason, I preliminarily enjoin the Defendant as follows:

IT IS ORDERED, ADJUDGED, AND DECREED that Defendant, his agents, servants, employees, attorneys, and any other person(s) in active concert or participation with Defendant, are hereby enjoined from interfering, directly or indirectly, with Debtor's farming operations on Farm No. 791 in Effingham County, Georgia, including activities of Debtor personally, or his employees, agents, and subcontractors.

The parties are ORDERED AND DIRECTED to abide by the terms of this order pending further order of this Court.

The issues of final injunctive relief, actual damages, attorneys' fees, costs, and punitive damages are reserved for a later hearing.

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 23rd day of July, 2007.