# In the United States Bankruptcy Court
# for the
# Southern District of Georgia
## Savannah Division

FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Savannah, Georgia
By camerson at 1:40 pm, Feb 25, 2011

| | |
|---|---|
| In the matter of: ) | |
| ) | Adversary Proceeding |
| KURT E. GRAHAM ) | |
| (Chapter 12 Case Number 07-40427) ) | Number 07-4124 |
| ) | |
| *Debtor* ) | |
| ) | |
| KURT E. GRAHAM ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | |
| ) | |
| CAREY GRAHAM ) | |
| ) | |
| *Defendant* ) | |

## MEMORANDUM AND ORDER
## ON STAY VIOLATION DAMAGES

Debtor filed Chapter 12 on March 22, 2007. In July, he filed an adversary proceeding against his uncle Carey Graham ("Carey"), alleging violation of the automatic stay. Complaint, Case No. 07-04124, Dckt. No. 1 (July 11, 2007). In two separate orders this Court awarded $41,267.00 in actual damages for lost profits, $30,000.00 in attorneys' fees and expenses advanced, and $5,000.00 in punitive damages. Order, Case No. 07-04124, Dckt. No. 49 (Jan. 26, 2009); Order, Case No. 07-04124, Dckt. No. 117 (Jun. 17, 2009). On June 26, 2009, Carey appealed the judgment to the District Court for the Southern District

AO 72A
(Rev. 8/82)

of Georgia. Notice of Appeal, Case No. 07-04124, Dckt. No. 119.

The Honorable William T. Moore, Jr., affirmed my award of attorneys' fees and punitive damages, but reversed my award of lost profits, holding that Debtor had not satisfied the "reasonable certainty" standard as required under Georgia law. Order, Case No. 07-04124, Dckt. No. 132 (Sep. 29, 2010). That court remanded the case back to the bankruptcy court to "award an alternative measure of [Debtor's] damages since the amount of lost profits was not shown to a 'reasonable certainty.'" Id. at 24. The parties briefed their positions and I now make the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

The salient facts are fully set forth in my original order, which awarded actual damages for lost profits in the amount of $41,267.00. Order, Case No. 07-04124, Dckt. No. 49 (Jan. 26, 2009). I restated those facts, to a lesser degree, in my June 17, 2009 order, which awarded $30,000.00 in attorneys' fees and expenses advanced, and $5,000.00 in punitive damages. Order, Case No. 07-04124, Dckt. No. 117. Finally, the United States District Court for the Southern District of Georgia issued an order which restated the salient facts in its order issued on September 29, 2010. Order, Case No. 07-04124, Dckt. No. 132. I adopt those Findings of Fact herein. However, I also explicitly find that the commencement of the adversary proceeding was necessary to insure that Carey would be deterred from further violating the stay.

## CONCLUSIONS OF LAW

The District Court reversed my award of lost profits, but held that "[o]n remand, the bankruptcy court should award an alternative measure of [Debtor's] damages since the amount of lost profits was not shown to a 'reasonable certainty.'" Order, Case No. 07-04124, Dckt. No. 132, p. 24. Further, the district court held that "the bankruptcy court may modify the award of attorney's fees or punitive damages." Id. at 26. In so finding, the district court explicitly affirmed this Court's finding that Carey had committed a willful violation of the automatic stay. Id. at 24. I will address the three components of damages below.

### Lost Profits

The District Court held that Debtor did not prove his lost profits to a reasonable certainty. No other evidence is in the record on this issue. Accordingly, Debtor's alleged lost profits do not constitute part of the damages stemming from Carey's violation of the automatic stay.

### Adversary Proceeding Attorneys' Fees

11 U.S.C. § 362(k) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

Carey argues that because Debtor is not entitled to damages to compensate him for his lost profits, that he was not "injured"—for purposes of §362(k)—by the violation of the stay, and that "[a] debtor who was not injured by a violation of the automatic stay . . . is not entitled to recover damages for attorney fees." Brief, Dckt. No. 135, p. 9 (citing In re Hutchings, 348 B.R. 847, 851 (Bankr. N.D. Ala. 2006)).

In In re Hutchings, the debtor executed a mortgage debt and then filed Chapter 13 eight months later. 348 B.R. at 850. He failed to make all of his plan payments, requested the court's permission to refinance his home, and received such permission. The defendant mistakenly believed it had been granted relief from the stay and for thirty days attempted to collect its debt through numerous phone calls and letters. Once the defendant realized its mistake, it ceased all collection efforts. Shortly thereafter, the debtor filed an adversary proceeding, alleging violation of the automatic stay. The court found that the timing of the defendant's cessation of collection attempts was important.

> Had [the debtor] been required to maintain this lawsuit in order to force [the defendant] to desist from further violating the stay, or to prevent [the defendant] from again violating the stay, or to undo the effects of [the defendant]'s stay violations, or to recover compensatory damages that he actually incurred as a result of those violations prior to the institution of the lawsuit, the result would be completely different. Certainly, a debtor is entitled to recover the attorneys fees and expenses that he or she has actually incurred in filing and maintaining a

section 362(h)[1] action for those purposes.

The court held that because the debtor's action was not instituted until after the defendant had ceased collection activity, and because the debtor had incurred no actual damages, the debtor was not entitled to attorneys' fees.

In the instant case, Carey was made aware—by hand-delivery of a letter from Debtor's counsel—that Debtor was protected by the automatic stay, and he nonetheless continued "harrowing up" Debtor's farmland. Debtor physically hand-delivered to Carey that letter explaining that his actions were in violation of the stay and demanding that he cease all interference. Carey read the letter and resumed harrowing. Order, Dckt. No. 49, p. 4. Carey now alleges that his interference with Debtor was complete before this adversary proceeding was filed. Debtor's commencement of this adversary proceeding did come after the harrowing was complete, but unlike the defendant in Hutchings, Carey had not truly ceased his interference with Debtor. Carey had, at the time the case was filed, ceased that particular occurrence of interference, but his actions had evidenced his intent to continue to interfere with Debtor's rights despite the automatic stay. The injury in this case is not Debtor's lost profits, but rather the cost of filing this adversary proceeding to prevent future stay violations. *See also* In re Brothers, 2010 WL 2720963, n. 8 (noting that attorneys' fees "in order to keep the creditor from further violating the stay" are recoverable).

---

[1] Section 362(k) was designated as § 362(h) prior to the 2005 amendments to the Bankruptcy Code.

Carey's disregard of the effect of the stay caused Debtor to incur attorneys' fees. Those attorneys' fees incurred by Debtor in commencing and prosecuting this adversary proceeding constitute an injury to Debtor for purposes of 11 U.S.C. § 362(k). "[A]n individual injured by any willful violation of a stay provided by this section shall recover *actual damages, including costs and attorneys' fees*, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1) (emphasis added). A simple, straightforward reading of this Code provision makes it clear that attorneys' fees *are* actual damages for the purposes of § 362(k), and that they are mandatory when the stay is willfully violated. This position has been taken by many courts. *See* Jove Eng'g, Inc. v. I.R.S., 92 F.3d 1539. 1559 (11th Cir. 1996) ("Regarding automatic stay violations, the Bankruptcy Code provides two relevant, independent sources for awarding attorney fees, § 105(a) (discretionary) and § 362(h) (mandatory)."); In re Tyree, 2010 WL 4008300, *3 (Bankr. N.D. Ga.) ("[U]nder the mandatory provisions of § 362(k), Debtor is entitled to recover actual damages, including costs and attorneys fees."); In re Parker, 419 B.R. 474, 476 (M.D. Ala. 2009) ("Under 362(k)(1), an award of attorneys' fees is mandatory when a party willfully violates an automatic stay."); In re Zajni, 403 B.R. 891, 895 (Bankr. M.D. Fla. 2008) (holding that "[a]ttorney's fees are actual damages" and granting attorneys' fees in the absence of other damages); In re Cousins, 404 B.R. 281, 290 (Bankr. S.D. Ohio 2009) ("Although there is conflicting case law, bankruptcy courts in the Sixth Circuit have concluded that attorney fees are not in addition to actual damages but are a component of the actual damages recoverable under the language of § 362(k)(1)."); In re Harris, 374 B.R. 611,

616 (Bankr. N.D. Ohio 2007) ("It would appear that no other injury is required; in appropriate circumstances, an award [of] attorney fees under § 362(k) may stand on its own."); In re Bertuccio, 2009 WL 3380605, *5 (Bankr. N.D. Cal. 2009) ("Cases from within the Ninth Circuit have consistently held that attorneys' fees and costs can be awarded as actual damages under Bankruptcy Code § 362(h) in the absence of other compensatory damages.") (citing cases); In re Mitchell, 2009 WL 301910, *4 (Bankr. S.D. Ind. 2009) ("Attorney fees are actual damages for § 362 purposes, and no other injury is required."); In re Shade, 261 B.R. 213, 215-217 (Bankr. C.D. Ill. 2001) (holding that although the district court reversed the bankruptcy court's findings of compensatory damages, because the debtor was forced to resort to court intervention to enforce her rights, the award of attorneys' fees was appropriate).

This Court is not condoning the use of the adversary proceeding to enforce the automatic stay as a sword, but where it is properly used as a shield (such as here, to protect against future violations), attorneys' fees *are* actual damages and should be granted pursuant to § 362(k).

I reaffirm the holding in my June 17, 2009, order that Debtor's attorneys meet the lodestar analysis set forth in Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). For the reasons stated in my June 17, 2009, order, Debtor is still entitled to $30,000.00 in attorneys' fees. Order, Case No. 07-04124, Dckt. No. 117.

Appellate Attorneys' Fees

Debtor submitted evidence of attorneys' fees incurred in the appeal of this Court's award of damages. Letter, Dckt. No. 135-1 (Jan. 13, 2011). That itemized statement shows that Debtor incurred $8,202.49 in attorneys' fees in defending Carey's appeal of my order. While that appeal was partially successful and was certainly not frivolous, Debtor's expenses incurred in defending the appeal are still "attorneys' fees" under § 362(k) and constitute "actual damages" for the sake of a stay violation. *See* In re Parker, 419 B.R. 474 (M.D. Ala. 2009) ("As with attorneys' fees for prosecuting the willful violation of a stay, attorneys' fees incurred resisting a non-frivolous appeal are 'actual damages' incurred by the debtor."); In re Shade, 261 B.R. at 217 ("The case law clearly holds that a debtor injured by a creditor's willful violation of the automatic stay is entitled to reasonable appellate attorney's fees as part of her actual damages in resisting a non-frivolous appeal."). Because upon review I find those expenses to be reasonable, Debtor is further awarded $8,202.49 in attorneys' fees.

Punitive Damages

In my June 17, 2009, order, I awarded $5,000.00 in punitive damages to Debtor for Carey's willful violation of the automatic stay. At the time my reasons for awarding those punitive damages were as follows: That Carey has come to regret his actions,

that the family is embroiled in a much larger and more emotional dispute, that Debtor had already been awarded substantial attorneys' fees, and that Debtor had already been awarded substantial damages for lost profits. Order, Case No. 07-04124, Dckt. No. 117, pp. 4-7. While the award for lost profits has been reversed, I still find that this case has the "appropriate circumstances" necessary to award punitive damages. 11 U.S.C. § 362(k); *see* Order, Dckt. No 117, pp. 3-7.

Generally, punitive damages are awarded not as compensation to a plaintiff, but to punish, penalize, or deter a defendant. *See* U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 616 (11th Cir. 2000) ("[P]unitive damages are awarded solely to punish defendants and deter future wrongdoing.") (punctuation omitted). I find that $5,000.00, considering the circumstances mentioned above and the award of appellate attorneys' fees, is enough to deter Carey from violating the automatic stay in the future. Accordingly, for the reasons stated in my June 17, 2009, order, Debtor is still entitled to $5,000.00 in punitive damages. Order, Case No. 07-04124, Dckt. No. 117.

## ORDER

Pursuant to the foregoing Findings of Fact and Conclusions of Law, IT IS THE ORDER OF THIS COURT that judgment be entered in favor of Kurt E. Graham in the amount of $38,202.89 in attorneys' fees and expenses advanced, and $5,000.00 in punitive damages.

IT IS FURTHER ORDERED that payment of the attorneys' fees shall be tendered directly to Debtor's counsel, Lehman Franklin, who is free to disburse the attorneys' fees and costs that he has advanced to his firm's regular account.

 

_____
Lamar W. Davis, Jr.
United States Bankruptcy Judge

Dated at Savannah, Georgia

This 23rd day of February, 2011.